```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
BALJINDER KAUR, et al.,
                           Plaintiffs,           REPORT AND
                                                 RECOMMENDATION
         - against -
                                                 CV 05-4725 (NGG) (JO)
ROYAL ARCADIA PALACE, INC., et al.,
                           Defendants.
-----------------------------------------------------------X
```

**JAMES ORENSTEIN, Magistrate Judge:**

For the reasons set forth below, I respectfully recommend that the claims of named plaintiff Vinita Arora ("Arora") be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

I.   Background

On October 6, 2005, Arora, along with Vimla Patel ("Patel") and six other individual plaintiffs, filed this suit alleging claims of fraud, unpaid wages, breach of contract, unjust enrichment, and quantum meruit against defendants Royal Arcadia Palace, Inc., George Raju Varghese, George Varghese, Roy Mathews, Thomas Mathews, Carmo Lobo, and Tariq Longi, collectively doing business as Malabar Palace.  DE 1 (Complaint).  The defendants filed their answer on December 21, 2005, and discovery proceeded before another magistrate judge until it was assigned to me on March 13, 2006.  I held a status conference on May 8, 2006, and entered a case management and scheduling order that contemplated the completion of discovery by October 2, 2006.  DE 9; DE 10.  Over the next few months, in response to repeated requests from counsel, I extended the discovery deadlines a number of times.  DE 13; DE 23; DE 26; DE 29.

On February 27, 2007, the defendants filed a motion to compel, among other things, the depositions of Patel and Arora, who had each failed to appear for a scheduled deposition.  DE 30.

Although the plaintiffs' attorneys acknowledged, in response to the motion, that they had been unable to contact Patel and Arora, they argued that the claims of those two plaintiffs should be dismissed, if at all, only without prejudice. DE 32. At a status conference on April 10, 2007, I directed the parties to confer as to the failure of Patel and Arora to participate in discovery or to communicate with their attorneys. DE 41. I also directed the plaintiffs' counsel to submit a letter by April 17, 2007, "reporting on the results of the discussion and suggesting a practical and fair alternative, if any, to recommending that the missing plaintiffs' claims be dismissed with prejudice for failure to prosecute." *Id.* The plaintiffs' counsel filed a letter on April 17, 2007, essentially conceding that Patel had left the country for an extended time and that Arora remained out of contact with counsel. DE 43 at 1. With the consent of the defendants, however, the plaintiffs' counsel proposed to discuss the issue of dismissal at the final pretrial conference on April 27, 2007. *Id.* at 2. I agreed to postpone decision on the issue of dismissal as to Patel and Arora until the final pretrial conference, but warned that "if by the time of that conference they have not remedied the problem by appearing for depositions, I will consider recommending that the court dismiss their claims with prejudice." Order dated April 18, 2007. Thereafter, the defendants filed a motion to dismiss Patel and Arora with prejudice. DE 45; DE 46; DE 48.

At the April 27, 2007 conference, Patel and Arora again failed to appear, and the parties agreed to direct the motion to dismiss to me for a report and recommendation. DE 67. Subsequently, on May 11, 2007, the plaintiffs' counsel filed a response to the defendants' pending motion to dismiss. DE 60. The response claimed that Patel had contacted the plaintiffs' counsel directly after the April 27, 2007, conference, and that the plaintiffs' counsel had, that same day, proposed dates for Patel's deposition to the defendants. *Id.* at 3. However, the response claimed

2

that the defendants had rejected the proposed dates and expressed the desire to proceed with their already-filed motion to dismiss Patel's claims. In response, I entered an order directing the parties to complete Patel's deposition no later than June 22, 2007, and holding in abeyance my recommendation that Patel's claims be dismissed with prejudice. DE 72. I therefore proceed to discuss the merits of the motion to dismiss with regard to Arora's case only.

II.     Discussion

A dismissal for failure to prosecute is committed to the court's sound discretion. *Jenkins v. City of New York*, 176 F.R.D. 127, 128-29 (1997) (citing *Colon v. Mack*, 56 F.3d 5, 7 (2d Cir. 1995)). Courts have the inherent power to dismiss a case *sua sponte* for failure to prosecute. *Link v. Wabach R.R. Co.*, 370 U.S. 626, 630-31 (1962). Unless otherwise specified, a dismissal for failure to prosecute under Rule 41(b) is with prejudice. Fed. R. Civ. P. 41(b). Failure to prosecute may involve: a plaintiff's "pattern of dilatory conduct" or "'an action lying dormant with no significant activity to move it.'" *Barahman v. Sullivan*, 1992 WL 226293, at *1 (E.D.N.Y. May 15, 1992) (quoting *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982)).

In determining whether a dismissal with prejudice is warranted under Rule 41(b), the court must examine several factors:

> (1) the duration of plaintiff's failure; (2) whether plaintiff received notice that further delay would result in dismissal; (3) whether defendant will suffer prejudice by further delay; (4) a balancing of the need to relieve the court's calendar congestion with the plaintiff's right to due process; and (5) the efficacy of lesser sanctions.

*Jenkins*, 176 F.R.D. at 129 (citing *Jackson v. City of New York*, 22 F.3d 71, 74 (2d Cir. 1994)). No one factor is dispositive. *Id.* (citing *Nita v. Conn. Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994)). Under this standard, a dismissal with prejudice is appropriate.

In this case, Arora has failed to appear for her own deposition and has not responded to a number of enquiries made by her own counsel. As noted above, I warned the plaintiffs' counsel that if Arora's depositions were not completed by April 27, 2007, "I will consider recommending that the court dismiss their claims with prejudice," and I directed counsel to serve copies of the order on Arora. Order dated April 18, 2007. Arora's continuing failure to appear for her deposition will prejudice the defendants and needlessly burden the court with an issue upon which it has already expended sufficient judicial resources. Her failure to fully comply with her discovery obligations implicitly suggests that she has no interest in continuing on as a plaintiff in this case, and lesser sanctions will evidently not suffice. Perhaps most compelling, a dismissal without prejudice would be decidedly unfair to the defendants, who would face the prospect of continued litigation burdens arising from the pending complaint regardless of the disposition – by settlement or otherwise – of the claims asserted by the plaintiffs who have attended to their obligations in the case.

III.  Recommendation

For the reasons set forth above, I respectfully recommend that the claims of plaintiff Arora be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

IV.  Objections

Any objection to this Report and Recommendation must be filed no later than July 2, 2007. Failure to file objections within this period waives the right to appeal the District Court's

4

order.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6 (computation of time); *Beverly v. Walker*, 118 F.3d 900 (2d Cir. 1997); *Savoie v. Merchs. Bank*, 84 F.3d 52 (2d Cir. 1996).

**SO ORDERED.**

Dated: Brooklyn, New York
June 8, 2007

/s/ James Orenstein
JAMES ORENSTEIN
U.S. Magistrate Judge